**Harold MURPHY, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 01–3350.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2002.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Harold Murphy appeals the decision of the Merit Systems Protection Board, No. SF0330000125–I–3 (November 22, 2001), dismissing his appeal for failure to raise a non-frivolous allegation of board jurisdiction. We *affirm.*

We must affirm the decision of the board unless we find that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Murphy was employed as an electronic technician for the Department of the Navy. In July of 1994, he was separated from the Alameda Naval Air Station pursuant to reduction-in-force procedures and was placed in the priority placement program. Murphy argues that the board failed to consider facts surrounding the inclusion of a "not fully qualified" rating (code 22) on his application for the priority placement program as a reprisal for his activity as a chief union steward. Because his challenge involves the Federal Labor Relations Authority decision not to prosecute and denial of his appeal, the appropriate avenue of appellate review on this issue is with the United States court of appeals in the circuit in which Murphy resides, transacts business, or in the United States Court of Appeals for the District of Columbia Circuit. 5 U.S.C. § 7123(a) (2000).

Murphy also argues that the Department of the Navy violated his reemployment priority rights by placing lesser-qualified individuals ahead of him. Pursuant to 5 C.F.R. § 330.205, an agency may not select an individual not on the reemployment priority list to fill a position when a qualified individual is available on the agency's rolls. Because Murphy did not register for the reemployment priority list, he does not have reemployment priority rights as set forth in the applicable

regulations. His allegation of agency wrongdoing is insufficient to establish jurisdiction where the regulation upon which his claim rests simply does not apply to him.